[No. 18839.   Department One.   January 6, 1925.]

GREAT WESTERN LAND & IMPROVEMENT COMPANY, *Respondent,* v. AMANDA SANDYGREN, *Appellant.*[1]

APPEAL (406)—REVIEW—NEW TRIAL—DISCRETION. It is not an abuse of discretion to grant a new trial for insufficiency of the evidence, on conflicting evidence, for the stated reason that the trial court knew and believed a witness whom the jury refused to credit.

Appeal from an order of the superior court for Spokane county, Huneke, J., entered April 28, 1924, granting a new trial, after the verdict of a jury rendered in favor of the defendant, in an action on promissory notes. Affirmed.

*McCarthy, Edge & Lantz,* for appellant.

*Munter & Munter,* for respondent.

[1]Reported in 231 Pac. 793.

8—132 WASH.

TOLMAN, J.—Respondent, as plaintiff, brought this action against appellant, as defendant, to recover upon certain promissory notes made by the defendant, of which it claimed to be the holder in due course. The defense was that the execution of the notes had been induced by fraud, and that the plaintiff had notice of the infirmities and was not a purchaser in good faith. The trial was to a jury, which found a number of special verdicts and a general verdict, with which the special findings were all consistent, in favor of the defendant. The plaintiff's motion for judgment *non obstante veredicto* was denied, but its motion for a new trial was granted, from which order the defendant has appealed.

The order granting a new trial was a general one. One of the grounds upon which the motion for a new trial was based was insufficiency of the evidence to justify the verdict. The evidence was conflicting. The trial court made no memorandum decision but orally expressed his opinion to the effect that the jury reached a wrong conclusion, and stated, in effect, that he had known one of the witnesses for a number of years, and had the case been tried before him without a jury, he would have had no hesitancy in accepting the testimony of that witness as true, which the jury had evidently refused to do. This, it is urged, was an abuse of discretion. We cannot so hold. The judge is not a mere figurehead in the trial of a case, and if he believes that the jury has been misled by false testimony, or through prejudice has refused to believe the truth, it is his province, in his discretion, to set aside the verdict and grant a new trial. Moreover, the expression of opinion by the judge does not exclude the possibility of the evidence having been deemed insufficient in other respects not then pointed out by him or expressed in words. In fact, a reading of all that was

then said strongly indicates that the court may have been of the mind that the verdict was contrary to the evidence in other respects than the one used as an illustration by him.

In a long line of cases too numerous to be cited, we have consistently refused to reverse an order such as this.

The judgment of the trial court granting a new trial is affirmed.

MAIN, C. J., HOLCOMB, BRIDGES, and PEMBERTON, JJ., concur.